IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| TIMOTHY DUGGER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 2:15-cv-01509 |
| § | |
| STEPHEN F. AUSTIN STATE § | |
| UNIVERSITY § | |
| § | |
| *Defendant*. § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, TIMOTHY DUGGER, Plaintiff, (hereinafter referred to as "Dugger") complaining of Defendant, STEPHEN F. AUSTIN STATE UNIVERSITY and Stephen F. Austin State University Police Department (hereinafter referred to as "SFA"), and would respectfully show unto the Court as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff invokes this Court's jurisdiction pursuant to Section 504 of the Rehabilitation Act of 1973 and Section 451 of the Texas Labor Code.

2. Venue is proper in the Eastern Division of the State of Texas pursuant to 28 U.S.C. ¶ 1391(c).  The Defendant is a University which regularly conducts business in the State of Texas.

3. Jurisdiction exists pursuant to 28 U.S.C. §1331 & §1367.

## II. PARTIES

4. Plaintiff, TIMOTHY DUGGER, is a resident of the City of San Augustine, the County of San Augustine, the State of Texas.

5. Defendant, STEPHEN F. AUSTIN STATE UNIVERSITY is a University authorized to do business in the State of Texas and has appeared herein.

## III. ADMINISTRATIVE PROCEDURES

6. Dugger filed a charge of employment discrimination against SFA with the District Office of the Equal Employment Opportunity Commission within 300 days of the acts complained of. Dugger received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated June 19, 2015, entitling him to institute a civil action within 90 days of the date of the receipt of said notice. Dugger timely filed suit.

## IV. BACKGROUND

7. Dugger was employed by the Stephen F. Austin State University as a Police Officer I in August of 1999.

8. Dugger was promoted to Sergeant and was assigned as a System Administrator in August of 2003.

9. Dugger was promoted to Lieutenant in August 2006.

10. On or about August 1, 2010, Dugger was assigned to the Parking and Traffic Office and remained as the interim director until January of 2011.

11. On or about August 23, 2014, Dugger injured his low back and side while at work. Dugger was sent for an examination and released to work for light duty work. Therefore, Dugger is a qualified individual with a disability because he suffers from a physical impairment which substantially limits one or more major life activities.

12. Dugger requested an accommodation (restricted duty) but was refused.

13. On or about September 4, 2014, Clayton Harrington informed that Dugger could not return to work until he was released for full duty.

14. Dugger was not permitted to work when almost all others with restrictions were permitted to work. Dugger was denied a reasonable accommodation. Dugger complained of the refusal to accommodate.

15. Dugger has been diagnosed with a herniated lumbar disc and lumbar disc disease, therefore, he has a record of a disability.

16. Dugger is substantially limited in the ordinary life activities of working, walking, lifting, bending, and standing.

## V. **DISABILITY DISCRIMINATION**

17. On information and belief, SFA discriminated against Dugger because of his disability in violation of Section 504 of the Rehabilitation Act of 1973. The discriminatory practices and policies include, but are not limited to the following:

(a) Refusing Dugger's return for employment on or about September 4, 2014;

(b) Discriminating against Dugger in the terms, conditions and privileges of employment; and

(c) By retaliating against Dugger in violation of the Act;

(d) Refusing to accommodate the disability.

## VI.  SECTION 451.001 OF THE TEXAS LABOR CODE

18.	Dugger would also show that SFA discharged him on or about September 4, 2014 and/or discriminated against him in violation of § 451.001 of the Texas Labor Code because he filed a workers' compensation claim in good faith, hired a lawyer to represent him in a workers' compensation claim, instituted or caused to be instituted a workers' compensation claim in good faith, and/or testified or was prepared to testify in a workers' compensation proceeding.  Dugger would show that SFA would not have terminated his employment when it did, had Dugger not engaged in an activity protected under § 451.001 of the Texas Labor Code.  Dugger was refused restricted activity after being released to light duty.

## VII.  DAMAGES

19.	SFA's conduct towards Dugger caused emotional pain and suffering, mental anguish and/or other nonpecuniary losses, for which Dugger seeks compensatory damages.

20.	Dugger seeks statutory damages, back pay, front pay and or lost wages and benefits in the past and future, all actual monetary losses, liquidated damages, attorney's fees, expert witness fees, costs, interest and such other and further legal and equitable relief to which Dugger is entitled.

21.	Dugger is entitled to actual damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future, and such other and further relief to which Dugger is entitled because of the actions complained of above.

## VIII.

All conditions precedent to the filing of this action have been fulfilled.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Dugger respectfully prays that SFA be cited to appear herein, and, on hearing hereof, the Court grant the following:

1. Lost earnings and employee benefits in the past and future;
2. Compensatory damages in the past (which may include mental anguish and other nonpecuniary losses);
3. Reinstatement to Dugger's former position of employment;
4. Reasonable and necessary attorney's fees;
5. Costs and prejudgment interest; and
6. Such other and further relief, both legal and equitable, to which Dugger may be justly entitled.

Respectfully submitted,

**LAW OFFICES OF JOHN E. WALL, JR.**
5728 Prospect Avenue, Suite 2001
Dallas, Texas 75206-7284
(214) 887-0100 (*telephone*)
(214) 887-0173 (*telecopier*)

*/s/ John E. Wall, Jr.*
John E. Wall, Jr.
State Bar No. 20756750
jwall@jwall-law.com

*Attorney for Plaintiff*

## JURY REQUEST

Plaintiff respectfully requests a jury trial.

## CERTIFICATE OF SERVICE

    On October 15th, 2015, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    Frank A. King  
    Office of the Attorney General  
    Post Office Box 12548  
    Capitol Station  
    Austin, Texas  78711-2548

                                      */s/ John E. Wall, Jr.*  
                                      John E. Wall, Jr.